UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS RAY ANDERSON,

    Petitioner,

vs.                                                                       Case No. 02-70751

ROBERT J. KAPTURE,                                     HON. AVERN COHN

    Respondent.

_____/

### ORDER CONSTRUING PETITIONER'S LETTER (Doc. 31) AS A MOTION FOR RECONSIDERATION AND DENYING THE MOTION

#### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. On October 3, 2002, the Court dismissed the petition as barred by the one year statute of limitations. The Court also found that Petitioner was not entitled to equitable tolling nor shown actual innocence so as to potentially overcome the statute of limitations. (Doc. 29). Petitioner did not appeal the dismissal.

Now before the Court is a letter received on December 9, 2013 in which Petitioner appears to challenge the dismissal of his petition over ten years ago. He also appears to want to "re file" his petition. The Court construes the filing as a motion for reconsideration. The motion is DENIED.

#### II. Discussion

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not

be granted. Czajkowski v. Tindall & Associates, P.C., 967 F.Supp. 951, 952 (E.D.Mich. 1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F.Supp. 426, 427 (E.D. Mich. 1997). Moreover, motions for reconsideration must be filed within 14 days after entry of the order or judgment.

First, Petitioner's motion is untimely, having been filed well beyond the 14 day period. Second, Petitioner's motion fails on the merits as it presents many of the same arguments considered and rejected by the Court as to whether the petition was barred by the statute of limitations.

To the extent that Petitioner wants to "re file" his petition, this court is not the proper place for such a filing. An individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998). Petitioner is entitled to file a second petition under limited circumstances. Petitioner must "make[] a prima facie showing" that the new petition contains a claim premised on 1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or 2) new facts that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would

have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(C).

Thus, should Petitioner seek to further pursue a habeas petition, he must file a request in the Court of Appeals for the Sixth Circuit and satisfy the criteria for allowing a second petition.[1]

SO ORDERED.

    s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  December 16, 2013

---

[1] Petitioner seems to suggest that he can overcome the statute of limitations by a showing of actual innocence, relying on McQuiggin v. Perkins, 569 U.S. ——, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), and its predecessor in this Circuit, Souter v. Jones, 395 F.3d 577 (6th Cir. 2005).  In McQuiggin, the Supreme Court held:
> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851, 130 L.Ed.2d 808; see House, 547 U.S., at 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851, 130 L.Ed.2d 808.
> * * *
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

McQuiggin, 133 S.Ct. at 1928

## CERTIFICATION

I hereby certify that a copy of the foregoing document was mailed to the parties/attorneys of record on this date, December 16, 2013, by electronic and/or ordinary mail.

                                           s/Carol Bethel for Sakne Chami
                                           Case Manager, (313) 234-5160