UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS RAY ANDERSON,

    Petitioner,

vs.                                              Case No. 02-70751

ROBERT J. KAPTURE,                              HON. AVERN COHN

    Respondent.

_____/

### ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY (Doc. 34)

#### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. On October 3, 2002, the Court dismissed the petition as barred by the one year statute of limitations. The Court also found that Petitioner was not entitled to equitable tolling nor shown actual innocence so as to potentially overcome the statute of limitations. (Doc. 29). Petitioner did not appeal the dismissal. Over 11 years later, on December 9, 2013, the Court received a letter in which Petitioner appears to challenge the dismissal of his petition over ten years ago. Petitioner also stated he wanted to "re file" his petition. The Court construed the filing as a motion for reconsideration and denied the same. (Doc. 32). Petitioner filed a notice of appeal (Doc. 33) and a motion for a certificate of appealability (Doc. 34). For the reasons that follow, a certificate of appealability is DENIED.

#### II. Discussion

Under 28 U.S.C. § 2253(c) (2), a certificate of appealability should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."

28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000).

Petitioner has not satisfied this standard. As the Court explained, Petitioner's motion for reconsideration was untimely and lacked merit. Moreover, as the Court also explained, "to the extent that Petitioner wants to 're file' his petition, this court is not the proper place for such a filing." Rather, a request to file a "second or successive" habeas petition must be directed to the Court of Appeals for the Sixth Circuit. See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998).

Reasonable jurists would not debate whether the Court erred in construing Petitioner's letter as a motion for reconsideration and denying the motion. Nor would reasonable jurists debate the Court's conclusion that a second, or re-filed, petition must be directed to the Sixth Circuit for authorization.

SO ORDERED.

      s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: January 13, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 13, 2014, by electronic and/or ordinary mail.

      s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160