UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS RAY ANDERSON,

    Petitioner,

v.

                                             CASE NO. 02-CV-70751-DT

ROBERT J. KAPTURE,              HONORABLE AVERN COHN

    Respondent.

_____/

## ORDER DISMISSING THE AMENDED PETITION (Doc. 52)

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2002, the Court dismissed the petition as barred by the one year statute of limitations. (Doc. 29).

Now before the Court is Petitioner's "amended" petition, filed 16 year later, in which he again seeks habeas relief. For the reasons that follow, the "amended" petition will be dismissed.

### II. Background

In 1990, Petitioner was convicted of second-degree murder, M.C.L. § 750.317, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. He was sentenced to two years for the felony-firearm conviction and life imprisonment for the murder conviction. Petitioner appealed. The Michigan Court of Appeals affirmed and the Michigan Supreme Court denied leave to appeal. See People v. Anderson, 554 N.W. 2d 314 (Mich. 1996). Petitioner also pursued post-conviction remedies in state court without success.

In 2002, Petitioner filed a petition claiming that the state courts failed to apply federal law to the facts, his trial and appellate attorneys were ineffective, the prosecutor committed misconduct, he was denied his right to a properly instructed jury, and the cumulative effect of the errors deprived him of due process and a fair trial. (Doc. 1). As noted above, the Court dismissed the petition because it was barred by the one-year statute of limitations. (Doc. 29). Petitioner did not appeal the dismissal.

Over eleven years later, on December 9, 2013, Petitioner filed a letter in which he inquired about the possibility of re-filing his petition in light of the Supreme Court's decision in McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (holding that actual innocence, if proved, serves as a gateway through which a petitioner may pass when the impediment to consideration of the merits of his or her constitutional claims is a procedural bar or expiration of the statute of limitations). (Doc. 31). The Court construed the letter as a motion for reconsideration and denied the motion as untimely and meritless. (Doc. 32). Petitioner appealed. (Doc. 33). The Sixth Circuit denied a certificate of appealability (Doc. 47) and the Supreme Court denied certiorari (Doc. 49).

In 2014, Petitioner filed a motion for relief from judgment. (Doc. 50). The Court denied the motion because Petitioner had not satisfied the standard for granting relief and noted that Petitioner had raised arguments that were previously considered and rejected by the Court and the Sixth Circuit. (Doc. 51).

In 2017, Petitioner returned to state court and filed a motion in state court to correct his pre-sentence investigation report under M.C.R. 6.429. The trial court denied the motion because Petitioner had an obligation to raise the matter at his sentencing

2

and because over twenty-seven years had passed since the pre-sentence report was prepared. The Michigan appellate courts denied review.

### III. Discussion

In 2018, Petitioner filed an "amended" petition (Doc. 52) and an application to proceed without prepaying any fees or costs (Doc. 53). Petitioner claims that the trial court violated his right to due process by failing to delete erroneous information from his pre-sentence report. The disputed information consists of a woman's comment that Petitioner abused her grandson. Petitioner asserts that this allegation of child abuse is false and that the Michigan Parole Board is using the information to deny him release on parole. Petitioner argues that this Court should, as a matter of fundamental due process and fairness, grant him relief.

Putting aside whether the "amended" petition is properly before the Court, Petitioner is not entitled to relief based on his claim. The contention that a pre-sentence report contains inaccurate information raises an issue of state law, Rodriguez v. Jones, 625 F. Supp.2d 552, 569 (E.D. Mich. 2009), which is not cognizable on habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[T]he mere presence of hearsay or inaccurate information in a [presentence report] does not constitute a denial of due process. Hili v. Sciarrotta, 140 F.3d 210, 216 (2d Cir. 1998). Therefore, Petitioner has no right to habeas relief on his claim of inaccurate information in his pre-sentence investigation report.

### IV. Conclusion

For the reasons stated above, the "amended" petition is DISMISSED. The application to proceed without prepaying fees of costs (Doc. 53) is DENIED AS MOOT.

A certificate of appealability is also DENIED because reasonable jurists would not disagree with the Court's resolution of Petitioner's claim, nor conclude that the issue deserves encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

    SO ORDERED.

                                        s/AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

DATED: 1/14/2019
      Detroit, Michigan